IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Brabus GmbH,<br><br>        Plaintiff,<br><br>    v.<br><br>The Individuals Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint,<br><br>        Defendants. | Civil No.: 1:24-cv-10464<br><br>Judge: Honorable Rebecca R. Pallmeyer<br><br>Magistrate: Jeannice W. Appenteng |

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant, Ningbo Summer Auto Parts Co.. Ltd. ("Defendant"), by and through its counsel undersigned, pursuant to FCRP Rule 12, hereby requests that this Court dismiss the Amended Complaint [DE 27] and states as follows:

### I. Legal Standards

For this Court to exercise general jurisdiction over Defendants, the proper inquiry is whether "the contacts through the website are so substantial that they may be considered 'systematic and continuous' for the purpose of general jurisdiction." *Am. Bridal & Prom Indus. Ass'n, Inc. v. Unincorporated Associations Identified on Schedule A.*, 192 F. Supp. 3d 924, 931 (N.D. Ill. 2016).

To establish that there is specific jurisdiction over Defendant, three requirements set forth by the Federal Circuit must be met: (1) Defendants purposefully directed their activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) the assertion of personal jurisdiction is reasonable and fair. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008).

## II. Argument and Memorandum of Laws

**A. Plaintiff's Claim Should be Dismissed for Lack of Personal Jurisdiction.**

*i. General jurisdiction does not exist over Defendant.*

In *Am. Bridal & Prom Indus. Ass'n, Inc. v. Unincorporated Associations Identified on Schedule A.*, 192 F. Supp. 3d 924, 931 (N.D. Ill. 2016), this Court held that:

> Plaintiffs have not alleged the type of contacts necessary to justify the exercise of general jurisdiction over any of the 3,343 defendants named in this lawsuit. Nor is there any evidence to suggest that any of these defendants—who all reside in foreign jurisdictions—maintained the type of Illinois presence that is required to justify exercising general personal jurisdiction over them. Amended Complaint [18], ¶10. In short, Plaintiffs failed to allege facts that would allow this Court to conclude that any of the defendants are "at home" in Illinois.

*Am. Bridal & Prom Indus. Ass'n, Inc. v. Unincorporated Associations Identified on Schedule A.*, 192 F. Supp. 3d 924, 931 (N.D. Ill. 2016).

Here, there is no general jurisdiction existing in this matter over Defendant. The Amended Complaint contains no allegation that Defendant's affiliations with the State of Illinois are so continuous and systematic as to render them essentially *at home*. Plaintiff relies solely upon Defendant's business activities via internet that were accessible from the State of Illinois. *See* the Am. Compl., ECF No. 27, p. 2, ¶ 2.

In *Am. Bridal & Prom Indus. Ass'n, Inc.*, this Court continued to discuss the personal jurisdiction:

> Instead, the exercise of personal jurisdiction here is based exclusively upon Defendants' alleged maintenance of interactive websites. Without more (and there is not more here), this fact alone is not enough to support general personal jurisdiction. *See, e.g.,Richter v. IN-STAR Enterprises Int'l, Inc.* , 594 F.Supp.2d 1000, 1009 (N.D.Ill.2009) ("[R]egardless how interactive a website is, it cannot form the basis for [general] personal jurisdiction ... unless the contacts through the website are so substantial that they may be considered 'systematic and continuous' for the purpose of general jurisdiction."); *Euromarket Designs, Inc. v. Crate & Barrel Ltd.* , 96 F.Supp.2d 824, 833 (N.D.Ill.2000) ("Generally, the defendant's mere maintenance of an Internet website is not sufficient activity to exercise general jurisdiction over the defendant.").

Id.

Here, Plaintiff pleaded that Defendant targeted its customers in the United States, including those within the State of Illinois thorugh interactive commercial internet stores. Am. Compl., ECF No. 27, p. 2, ¶ 2. This Court has been clear that no matter how interactive a website is, it cannot form personal jurisdiction. See *Am. Bridal & Prom Indus. Ass'n, Inc. v. Unincorporated Associations Identified on Schedule A.*, 192 F. Supp. 3d 924, at 931.

Thus, Plaintiff has failed to establish that general jurisdiction exists over Defendants.

### *ii. There is also no specific jurisdiction over Defendant.*

Specific jurisdiction also does not exist because Plaintiff has failed to make any *prima facie* showing that Defendant *purposefully directed* any of its activities at the State of Illinois or its residents. In *Am. Bridal & Prom Indus. Ass'n, Inc.*, this Court analyzed:

> Although Plaintiffs initially alleged that "[e]ach Defendant targets the United States, including Illinois," amended complaint [18], ¶11, they could offer no facts to properly support that allegation, relying exclusively on the mere existence of the interactive websites. Plaintiffs have not shown that the websites were any more accessible in Illinois than anywhere else in the world; they have not shown that any Illinois residents actually accessed the websites; they have not shown any injury occurring in Illinois; they have not shown that any Defendant took any action with respect to Illinois in par-

ticular. They have not alleged or shown that any of the Defendants specifically agreed to ship to Illinois or that they otherwise reached out to, or expressly aimed their activities at, this state or its residents. Quite simply, Plaintiffs failed to show that *any* Defendant had any voluntary contacts with the State of Illinois, yet they seek to drag all 3000-plus Defendants into this district here solely because of their websites—precisely what *Hemi* admonished courts to avoid.

*Am. Bridal & Prom Indus. Ass'n, Inc. v. Unincorporated Associations Identified on Schedule A.,* 192 F. Supp. 3d 924, 934 (N.D. Ill. 2016).

In the instant case, Plaintiff did not plead that Defendant's store was "any more accessible in Illinois than anywhere else in the world." *Id.* Nor did Plaintiff plead that any injury occurring in Illinois, or Defendant took any action with respect to Illinois in particular. In addition, Plaintiff did not allege that Defendant "specifically agreed to ship to Illinois or aimed its activities at this state or its residents." *Id.*

In fact, Defendant did not sell any allegedly infringing products to the State of Illinois. Defendant will file a Declaration of Representative to support.

Thus, Plaintiff has failed to establish that specific jurisdiction exists over Defendant.

### III. Conclusion

For the forgoing reasons, Defendant Ningbo Summer Auto Parts Co.. Ltd. respectfully requests this Court to dismiss Plaintiff's Amended Complaint [DE 27] in its entirety under Rule 12 of Federal Rule of Civil Procedure.

Dated: Mar. 21, 2025

/s/ Jianyin Liu
Jianyin Liu, Esq.
1007675
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC

15750 SW 92nd Ave Unit 20C

Palmetto Bay, FL 33157

Ph: (305) 209 6188

**CERTIFICATE OF SERVICE**

    I certify that this document has been served to all parties on record via CM/ECF on this Mar. 21, 2025.

/s/ Jianyin Liu